Per Curiam.
This is an appeal from the superior court of *748 chancery, which the appellee moves us to dismiss because the appeal bond does not conform to the statute, and because surety was not given according to the direction of the Chancellor.
The condition required by the statute is that the appellant shall “ pay, satisfy and perform the decree or final order of the superior court of chancery, and all costs in case the same be affirmed.” The condition of this bond is, that if the appellant shall “ pay and satisfy the judgment so recovered against him at law, with interest and costs, and also abide by the decision of the high court of errors and appeals, then ” &c. The bond given only differs from the condition given by the statute in this; it is not conditioned to pay and satisfy the decree of the court of chancery, but it is conditioned to pay and satisfy the amount of the judgment at law. This arose from the necessity of the case. It was a bill to enjoin a judgment at law, and the decree from which the appeal is taken, was to dissolve the injunction. No other condition would have been proper, because the Chancellor made no decree for the payment of money. It is sufficient if an appeal bond substantially covers the provision in the statute, by securing to the appellee, all that the law designed for him. The language of the statute need not be adopted.
The other objection is that the Chancellor named three persons as securities, and but two of them were given. In his first order he also named three persons. In the second he says, “ in addition to the sureties named in the original order granting an appeal, any two of them or the following persons, to wit, &c. are approved.” It may be doubtful whether the Chancellor intended to require more than two sureties. That is the usual number, and we do not feel authorized to dismiss the appeal where it is probable no more were intended to be required. No objection is made to the sufficiency of the sureties. The appellee seems to be secured, and that is the object of the bond.
Motion overruled.